IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD BAKER,

        Plaintiff,                    No. CIV S-08-2892 MCE EFB PS

    vs.

STATE OF CALIFORNIA,
ENVIRONMENTAL PROTECTION
AGENCY, DEPARTMENT OF           FINDINGS AND RECOMMENDATIONS
TOXIC SUBSTANCES CONTROL,

        Defendants.
_____/

        Plaintiff, proceeding *pro se*, has requested leave to proceed in *forma pauperis* pursuant to 28 U.S.C. § 1915. This action was referred to the undersigned by E. D. Cal. L. R. ("Local Rule") 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

        Pursuant to federal statute, a filing fee of $350.00 is required to commence a civil action in federal district court. 28 U.S.C. § 1914(a). The court may nonetheless authorize commencement of an action "without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a)(1). An in *forma pauperis* applicant need not be absolutely destitute to qualify for the waiver, but must demonstrate that because of his poverty, he cannot meet court costs and still provide himself and his dependents with the necessities of life. *Adkins v. E.I. DuPont de*

1

*Nemours & Co.*, 335 U.S. 331, 339 (1948). The determination whether a plaintiff is indigent, and thus unable to pay the filing fee, falls within the district court's reasonable discretion. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) "[P]ermission to proceed in *forma pauperis* is itself a matter of privilege and not right; denial of in *forma pauperis* status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citation omitted). "[T]he same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (citation omitted).

The cost of filing an action in this court is relatively modest compared to plaintiff's monthly net income of $3800. Although plaintiff states that has no assets and contributes to the support of his children (one a minor, the other in college), it does not appear that payment of the filing fee would render plaintiff unable to provide himself and his children with the necessities of life. Accordingly, the court will recommend denial of plaintiff's application to proceed in *forma pauperis*.

The court notes, however, that this recommendation is limited to payment of the filing fee required to initiate this action. Since the benefits accorded to a plaintiff who has been granted in *forma pauperis* status may extend beyond payment of the filing fee (e.g., such benefits may include the costs of preparing a transcript and printing the record on appeal, *see* 28 U.S.C. § 1915(c)), plaintiff may – if these findings and recommendations are adopted, and if plaintiff's circumstances change – pursue such benefits in a subsequent application. "If a pay-as-you-go plaintiff is, down the road, confronted with necessary expenses of litigation which overshoot his then-available means, he can at that time, by proper petition, seek refuge under § 1915." *Temple, supra*, 586 F. Supp. at 852, n. 7 (citation omitted); *but cf., Wiideman v. Harper*, 754 F.Supp. 808, 809 (D. Nev. 1990) (conversely, a court does not remain bound by its initial

2

| 1 | grant of *forma pauperis* status if the plaintiff's financial situation improves).
| 2 | Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's application to proceed
| 3 | in *forma pauperis* be DENIED, and plaintiff be given thirty days within which to pay the filing
| 4 | fee of $350.00.
| 5 | These findings and recommendations are submitted to the United States District Judge
| 6 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after
| 7 | being served with these findings and recommendations, any party may file written objections
| 8 | with the court and serve a copy on all parties.  Such a document should be captioned "Objections
| 9 | to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
| 10 | specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
| 11 | F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
| 12 | DATED:  April 28, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE