1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   RONALD L. BAKER,                          No. CIV S-08-2892 MCE EFB PS

11              Plaintiff,

12        vs.

13   CALIFORNIA DEPARTMENT
     OF TOXIC SUBSTANCES CONTROL,
14                                      _____ORDER TO SHOW CAUSE

         Defendant.
15   _____/

16        This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to

17   Eastern District of California Local Rule ("Local Rule") 72-302(c)(21).  *See* 28 U.S.C.

18   § 636(b)(1).  On July 1, 2009, defendant California Department of Toxic Substances Control

19   filed a motion to dismiss and request for judicial notice, and noticed the motion to dismiss for

20   hearing on August 27, 2009 before the district judge.  On July 6, 2009, defendant filed an

21   amended notice of hearing, re-noticing the motion for hearing on August 19, 2009 before the

22   undersigned.

23        On July 6, 2009, plaintiff filed a notification that, "as of July 6, 2009, [he had] not

24   received a response to the complaint filed."  According to the amended declaration of service

25   filed with this court on July 8, 2009 and the July 10, 2009 declaration submitted by defendant's

26   counsel, Ashante L. Norton, defendant served plaintiff with a copy of the motion to dismiss via

1

Golden State Overnight delivery service on three separate occasions.  On July 1, 2009, defendant served plaintiff with a copy of the motion to dismiss via overnight delivery (through Golden State Overnight delivery service) at the address plaintiff has listed in this action; the motion was delivered on July 2, 2009 at 10:13 a.m. and was left behind a screen door.  Norton Decl. ¶ 5, Ex. 1.  On July 2, 2009, defendant served plaintiff with a second copy of the motion to dismiss via overnight delivery (through Golden State Overnight delivery service); the motion was delivered on July 3, 2009 at 10:19 a.m. and was again left behind a screen door.  *Id.* ¶ 6, Ex. 2.  On July 6, 2009, defendant served plaintiff with a third copy of the motion and a copy of the amended notice of hearing via overnight delivery (through Golden State Overnight delivery service); those documents were delivered on July 7, 2009 at 9:55 a.m. and were left at the front door.  *Id.* ¶ 8, Ex. 3.

Court records reflect that plaintiff has filed neither an opposition nor a statement of non-opposition to the motion.  Local Rule 78-230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must personally be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by August 5, 2009.[1]  Local Rule 78-230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 83-183, governing persons appearing *in pro se*, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  "Failure to follow a district court's local rules is a proper ground for dismissal."  *Ghazali v. Moran*, 46 F.3d

---

[1]   Electronic or mail service of an opposition upon the moving party must be made seventeen days preceding the scheduled hearing date.  Local Rule 78-230(c).

52, 53 (9th Cir. 1995).  *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1.  The hearing date of August 19, 2009, is vacated, and continued to September 23, 2009, at 10:00 a.m., in Courtroom No. 25.

2.  Plaintiff shall show cause, in writing, no later than September 9, 2009, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.

3.  Plaintiff shall file an opposition to the motion, or a statement of non-opposition thereto, no later than September 9, 2009.

4.  Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that this action be dismissed for lack of prosecution.  *See* Fed. R. Civ. P. 41(b).

SO ORDERED.

DATED: August 11, 2009

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE